FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 19, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS ALBERTO ACOSTA-PEREZ,<br><br>Defendant. | No. 2:26-CR-0053-RLP-1<br><br>ORDER GRANTING MOTION TO DISMISS IN PART |

Before the Court is the Government's Motion to Dismiss Without Prejudice, ECF No. 23. Mr. Acosta-Perez does not oppose dismissal of the indictment but argues dismissal should be with prejudice. ECF No. 26. The Court heard oral argument on October 19, 2026. *See* ECF No. 29. Assistant United States Attorney (AUSA) Michael J. Ellis appeared on behalf of the Government, and Assistant Federal Defender Katie E. Kitchen appeared on behalf of Mr. Acosta-Perez, who was not present. *Id*. For the reasons discussed below, the Court grants the Government's motion in part and dismisses the indictment with prejudice.

## Background

On May 7, 2026, Mr. Acosta-Perez was indicted on one count of being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326. ECF No. 1. Following Mr. Acosta-Perez's arrest, the Government moved for pretrial detention. *See* ECF No. 19. On September 15, 2026, Magistrate Judge Goeke held a detention hearing and denied the Government's motion, ordering Mr. Acosta-Perez released on conditions. ECF No. 22.

In his order, Judge Goeke found Mr. Acosta-Perez presented a serious risk of flight and obstruction of justice under 18 U.S.C. § 3142(f)(2). *Id.* at 2-3. Nevertheless, Judge Goeke determined the Government had not established no condition or combination of conditions would reasonably assure Mr. Acosta-Perez's appearance and the safety of the community. *Id.* at 6. In reaching that determination, Judge Goeke considered Mr. Acosta-Perez's substantial community ties, relatively minor criminal history, demonstrated record of appearing in his pending state criminal proceedings, and incentive to comply with release conditions in pursuit of legal status. *Id.* at 4-5. Judge Goeke imposed several conditions of release, including GPS monitoring, a curfew, a requirement Mr. Acosta-Perez remain in the Eastern District of Washington, and a requirement Mr. Acosta-Perez contact defense counsel at least once a week. *Id.* at 6-8.

Following the detention hearing, Mr. Acosta-Perez was taken into immigration custody. ECF No. 26 at 3. According to defense counsel, Mr. Acosta-Perez was transferred to immigration detention facilities in Tacoma, Washington, and Arizona before being removed to Mexico on September 29, 2026. *Id.* at 3, 10-11. Defense counsel represents that, despite repeated attempts to communicate with Mr. Acosta-Perez while he was in immigration custody, counsel has had no direct contact with Mr. Acosta-Perez since his transfer from U.S. Marshals custody. *Id.* at 10-11.

Mr. Acosta-Perez was set to appear before the Court for his pretrial conference on October 12, 2026, and his trial was set for November 9, 2026. ECF No. 15 at 5. However, on October 6, 2026, the Government filed the instant motion to dismiss the indictment without prejudice. ECF No. 23.

In his response to the Government's motion, Mr. Acosta-Perez represented that he filed a U-visa application before his removal. ECF No. 26 at 5. In reply, the Government explained that a previous petition based on a family member's U-visa status had been denied in 2025 and that a search of available immigration databases revealed no new pending petitions. ECF No. 28 at 1.

At the October 19, 2026 hearing, AUSA Ellis explained that a search of available immigration databases revealed no new pending U-visa petition, although he acknowledged that a processing delay could account for that result. *See* ECF

No. 29; ECF No. 28 at 1. Defense counsel then reiterated that Mr. Acosta-Perez had a pending U-visa application and clarified her understanding that it was separate from the previously denied petition based on a family member's U-visa status. *See* ECF No. 29.

## Legal Principles

Federal Rule of Criminal Procedure 48(a) provides the Government may, with leave of court, dismiss an indictment. Dismissals under Rule 48(a) are generally presumed to be without prejudice, unless a contrary intent is clearly expressed. *United States v. Brown*, 425 F.3d 681, 682 (9th Cir. 2005).

"Rule 48(a) allows the government, provided it is not acting in bad faith, to dismiss an indictment without prejudice and later to reindict based on the same or similar charges . . . [W]hen the government requests a Rule 48(a) dismissal in good faith, the district court is duty bound to honor the request." *United States v. Hayden*, 860 F.2d 1483, 1488 (9th Cir. 1988). However, the Court retains discretion to deny a motion to dismiss when the motion is prompted by considerations clearly contrary to the public interest or would contribute to prosecutorial harassment. *United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir. 1988).

In the immigration context, the government is granted "enforcement discretion over arrests and prosecutions." *See United States v. Texas*, 599 U.S. 670,

679 (2023). But "[i]f the government, by placing [a defendant] in immigration detention or removing him, jeopardizes the district court's ability to try him, then the district court may craft an appropriate remedy." *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015).

## Discussion

The parties agree dismissal of the Indictment is appropriate. The sole dispute is whether dismissal should be with or without prejudice.

The Government argues dismissal without prejudice is appropriate because it did not act in bad faith. ECF No. 23 at 2-3. Specifically, the Government maintains it had a good faith basis for seeking Mr. Acosta-Perez's pretrial detention, as demonstrated by Judge Goeke's findings Mr. Acosta-Perez presented serious risks of flight and obstruction of justice under 18 U.S.C. § 3142(f)(2). *Id.* at 2. Although the Government ultimately failed to establish detention was warranted, it contends its request was nevertheless made in good faith. *Id.* The Government further emphasizes that the parties openly discussed the likelihood Mr. Acosta-Perez would be taken into immigration custody and removed if released, and that the Government neither concealed nor misrepresented that possibility to Mr. Acosta-Perez or Judge Goeke. *Id.* at 3.

The defense argues dismissal with prejudice is warranted because the Government acted in bad faith and contrary to the public interest by detaining and

removing Mr. Acosta-Perez after Judge Goeke ordered his pretrial release. ECF No. 26 at 6-9. Specifically, the defense contends the Government elected to prosecute Mr. Acosta-Perez but, after unsuccessfully seeking his detention, removed him from the country, thereby preventing him from appearing for trial and defending against the charge. *Id.* at 7-9. The defense further argues Mr. Acosta-Perez's removal violated his Sixth Amendment rights to counsel and a speedy trial, as well as his Fifth Amendment right to due process. *Id.* at 9-11. The defense relies in part on *United States v. Salazar*, No. 2:26-cr-00211-MEMF-4, 2026 WL 2807050 (C.D. Cal. Sept. 18, 2026), to support dismissal with prejudice. *Id.* at 8.

In *Salazar*, the defendant was indicted on federal charges and ordered released on bond following a contested detention hearing. 2026 WL 2807050, at *1. Despite the release order, federal authorities transferred the defendant to immigration custody and subsequently removed him to Mexico before his scheduled trial. *Id.* The Government then moved to dismiss the indictment without prejudice, while the defendant sought dismissal with prejudice. *Id.* at *1-2.

The district court ultimately dismissed the indictment with prejudice, finding the Government acted in bad faith by removing the defendant while his criminal prosecution remained pending. *Id.* at *3. The court reasoned the Government's removal prevented the defendant from appearing for trial and it was the

Government's decision, rather than the defendant's conduct, that made him unavailable. *Id.* Relying on *Santos-Flores*, the court concluded removal jeopardized its ability to try the defendant and warranted dismissal with prejudice. *Id.* The court also found independent grounds for dismissal, concluding the removal violated the defendant's Sixth Amendment rights to counsel and a speedy trial and his Fifth Amendment right to due process. *Id.* at *3-4. In reaching these conclusions, the court also relied on the Government's failure to file a reply to the defendant's opposition, which it treated as a concession of the allegations of bad faith and constitutional violations. *Id.*

The Court finds *Salazar* persuasive. As in *Salazar*, the Government here elected to prosecute Mr. Acosta-Perez, unsuccessfully sought his pretrial detention, and, after Judge Goeke ordered his release on conditions, took him into immigration custody and removed him from the country before trial. 2026 WL 2807050, at *1, *3; ECF Nos. 22 at 6; 26 at 1-3. Mr. Acosta-Perez's inability to appear for trial is thus attributable to the Government's actions, rather than any voluntary failure to comply with the Court's orders. *Salazar*, 2026 WL 2807050, at *3. And, similar to the defendant in *Salazar*, Mr. Acosta-Perez's removal here has interfered with his ability to communicate with counsel and prepare his defense. 2026 WL 2807050, at *3. Defense counsel represents that, despite repeated attempts to arrange meetings with Mr. Acosta-Perez while he was in immigration

custody, she has had no direct contact with him since his transfer from U.S. Marshals custody. ECF No. 26 at 10-11.

The Government attempts to distinguish *Salazar* on the ground that the Government in that case failed to file a reply to the defendant's opposition, which the district court treated as a concession of bad faith and constitutional violations. ECF No. 23 at 2. Although the *Salazar* Court considered the Government's failure to reply, its decision did not rest solely on that procedural circumstance. Rather, the court expressly found the Government's removal of the defendant while his prosecution remained pending constituted bad faith because it prevented him from appearing for trial, among other reasons. *Salazar*, 2026 WL 2807050, at *3. The Court finds that reasoning persuasive and concludes the Government's attempt to distinguish *Salazar* does not undermine its application here.

The Government also relies on *United States v. Pena de la Cruz*, No. 25-1648, 2026 WL 2676332 (1st Cir. Sept. 11, 2026), where the First Circuit reversed a district court's dismissal of an indictment with prejudice following the defendant's removal. ECF Nos. 23 at 2; 28 at 2. *Pena de la Cruz* is distinguishable. There, the district court had issued a standing order prohibiting immigration authorities from removing criminal defendants until their criminal proceedings concluded and effectively requiring dismissal with prejudice upon removal. *Pena de la Cruz*, 2026 WL 2676332, at *2, *7. The First Circuit rejected that categorical

approach, emphasizing dismissal with prejudice requires a case-specific showing of a serious threat of unfairness. *Id.* at *6-7. Moreover, the defendant had failed to substantiate his claimed interference with the right to counsel. *Id.* at *6 n.8. Here, by contrast, the Court does not apply a categorical rule, and defense counsel has identified specific, unsuccessful attempts to communicate with Mr. Acosta-Perez following his transfer to immigration custody. ECF No. 26 at 10-11.

Considering the circumstances of this case, the Court finds that the Government acted in bad faith by removing Mr. Acosta-Perez while his criminal prosecution remained pending, thereby preventing him from appearing for trial and interfering with his ability to consult with counsel and prepare his defense. The Court emphasizes that this finding concerns the Government's conduct as a whole, particularly the decision by immigration authorities to remove Mr. Acosta-Perez after referring him for federal prosecution. The Court makes no finding of bad faith by AUSA Ellis or the United States Attorney's Office. Rather, the Court is concerned that immigration authorities elected to remove Mr. Acosta-Perez rather than exercise their discretion to permit the criminal prosecution to proceed, despite having referred him for prosecution and Judge Goeke's determination that he could be released on conditions. The Government's exercise of its immigration authority in this manner undermined the Court's ability to bring the criminal proceedings to a timely resolution. The Court therefore finds that dismissal without prejudice

would be contrary to the public interest and that dismissal with prejudice is warranted.

**IT IS ORDERED:**

1. The Government's Motion to Dismiss Without Prejudice, **ECF No. 23**, is **GRANTED IN PART**.

2. The Indictment, **ECF No. 1**, is **DISMISSED WITH PREJUDICE**.

3. All remaining hearings and trial dates are vacated.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order, provide copies to counsel, close the case.

DATED October 19, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE